UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL FRANCIS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-cv-1628 (KBJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

　　The Federal Housing Finance Agency ("FHFA") is an independent agency within the U.S. government that oversees the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation (also known as Freddie Mac), the Federal Home Loan Banks, and other components of the secondary mortgage market.[1] In 2014, plaintiffs Michael and Carmen Francis ("Plaintiffs") submitted to FHFA a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking documents regarding the mortgage on their residential property located at 4904 Winston Drive, Indianapolis, IN.  In particular, Plaintiffs sought documents that would show if Fannie Mae—which has been under FHFA conservatorship since 2008—had assigned Plaintiffs' mortgage and the associated note to another entity.  (Compl., ECF No. 1, ¶ 5.)  In its response to the FOIA request, FHFA indicated that the agency was unable to locate any responsive records.  (Compl. ¶¶ 8–9.)  Plaintiffs filed the instant lawsuit on

---

[1] *See* http://www.fhfa.gov/SupervisionRegulation (last visited Sept. 30, 2015).

September 29, 2014, claiming that FHFA is wrongfully withholding agency records in violation of the FOIA, and requesting an order compelling FHFA to search for, and produce, all non-exempt, responsive records, and to provide Plaintiffs with a Vaughn index of records that FHFA claims are subject to FOIA exemptions.  (*See id.* at 5.)

Before this Court at present is FHFA's Motion for Summary Judgment (ECF No. 6 at 1–2).[2]  The agency argues that it conducted an adequate search for records in response to Plaintiffs' FOIA request (*see* Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. 6 at 4–11 ("Def.'s Br."), at 4), and with respect to the responsive documents in Fannie Mae's possession, FHFA argues that it does not control Fannie Mae's records and, therefore, cannot be faulted for not searching those records and producing that entity's documents.  (*Id.* at 9.)  In response, Plaintiffs maintain that FHFA's search was inadequate because Plaintiffs have located documents on Fannie Mae's website and have received documents from Fannie Mae that they deem responsive to their FOIA request.  (Pls.' Mem. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 10 ("Pls.' Br."), at 6–7.)

Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, this Court concludes that FHFA conducted an adequate search that satisfies the agency's FOIA obligations.  Consequently, Defendant's motion for summary judgment must be **GRANTED**.  A separate order consistent with this memorandum opinion will follow.

---

[2]  Page numbers herein refer to those the Court's Electronic Filing System automatically assigns.

I.   **FACTUAL BACKGROUND**

FHFA was established as an independent agency of the federal government on July 30, 2008.  (Decl. of Frank R. Wright, ECF No. 6-2 ("Wright Decl."), ¶ 5.)  FHFA ensures that the entities it regulates, including Fannie Mae, "operate in a financially safe and sound manner; remain adequately capitalized; and comply with their respective authorizing statutes, as well as all rules, regulations, guidelines and orders issued under law."  (*Id.* ¶ 6 (citing 12 U.S.C. § 4513(a).)  Despite its role in overseeing the mortgage industry, FHFA has represented that it "does not, in the ordinary course of business, maintain any documents relating to individual mortgage loans."  (*Id*. ¶ 9.)

FHFA is authorized to act as a conservator for, and to oversee, certain regulated entities, and when it operates in such a capacity, FHFA can take actions "(i) necessary to put the regulated entity in a sound and solvent condition; and (ii) appropriate to carry on the business of the regulated entity and preserve and conserve the assets and property of the regulated entity."  12 U.S.C. § 4617(b)(2)(D).  FHFA placed Fannie Mae into conservatorship in 2008; however, Fannie Mae has continued its normal business operations since that time.  (Wright Decl., ¶ 7.)  Consequently, FHFA has not "incorporated [Fannie Mae's records] into any of [FHFA's] systems of records" and "does not consider the records of Fannie Mae . . . to be agency records for the purposes of FOIA[.]"  (*Id.* ¶ 10.)  Thus, FHFA asserts that it "does not have the capability to conduct a search of [Fannie Mae's] records for responsive documents[.]"  (*Id.*)

On August 1, 2014, Plaintiffs submitted a FOIA request to FHFA seeking "all documents containing information regarding property in interest located at 4904 Winston Drive, Indianapolis, Indiana and acquired by Accubanc on October 26, 1994[,]" including "[t]he name, loan number and all mortgage pool numbers, trust, and

3

other pertinent information in Fannie Mae's possession including the legal entity name of unknown investors from November 1, 1994 to October 2, 2002." (Compl. ¶ 5.) On August 7, 2014, FHFA responded to the FOIA request, informing Plaintiffs that its search of agency files had not unearthed any responsive documents. (*Id.* ¶ 8.) The agency also advised Plaintiffs "that FHFA's temporary role as conservator of [Fannie Mae] does not transform [Fannie Mae's] company records into 'agency records' subject to FOIA." (*Id.*) Plaintiffs appealed this determination, and asked that the agency answer the following question: "Did Fannie Mae assign the original note and mortgage of Francis' primary residence (subject to sell and proceeds going to the secure creditor Chase) to EMC Mortgage Corporation/JP Morgan Chase Bank on or about September 13, 2013?" (*Id.* ¶ 9.) FHFA responded that while Plaintiffs' appeal was "irregular," the agency had addressed it, and the search of its own records did not reveal any responsive documents. (*Id.*)

Plaintiffs filed the instant action in federal court on September 29, 2014. Plaintiffs' complaint alleges that FHFA has violated the FOIA by failing to produce records that are responsive to their FOIA request, and Plaintiffs ask this Court to order FHFA to search for, and produce, all non-exempt, responsive records and, if necessary, to provide Plaintiffs with a Vaughn index of any records that FHFA might withhold as subject to FOIA exemptions. FHFA filed a motion for summary judgment on November 5, 2014, arguing that it is entitled to judgment as a matter of law because "FHFA diligently searched for records responsive to plaintiffs' request and informed the plaintiffs that they had found no responsive records." (Def.'s Br. at 4) In their brief in opposition to FHFA's motion, which was filed on January 9, 2015, Plaintiffs argue that

4

FHFA's search for records was inadequate because they themselves located responsive documents on Fannie Mae's website, and that they learned through calls to Fannie Mae and Fannie Mae's Resource Center of other responsive documents that are in Fannie Mae's possession. (*Id.* at 6–7.)[3]

Defendant's motion is now fully briefed and ripe for this Court's review.

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT UNDER RULE 56

As a general matter, summary judgment under Rule 56 of the Federal Rule of Civil Procedure is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The "party seeking summary judgment always bears the initial responsibility of [stating] . . . the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The nonmoving party must then go beyond the pleadings, and with "affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

---

[3] FHFA filed a reply to Plaintiffs' opposition in which it asserted that Plaintiffs are confused about FHFA's access to and control over Fannie Mae records as a result of the conservatorship, and that "the records of regulated companies are not incorporated into FHFA's system of records [and that] FHFA does not have the capability to conduct a search of the conserved records for responsive records." (Def.'s Reply to Pls.' Opp'n to Def.'s Mot. for Summ. J., ECF No. 11, at 2.)

An agency seeking summary judgment in a case challenging its response to a request for records under FOIA must show that it conducted a search of agency documents that was "reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal quotation marks omitted). "The agency must establish through affidavits or declarations the adequacy of both its search methods (where and how it looked for responsive records) and the scope of its search (what it was looking for)." *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 3 (D.D.C. 2000). Moreover, the agency's affidavits must be "relatively detailed and non-conclusory[.]" *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (internal quotation marks and citation omitted). And although the agency declarants need not "set forth with meticulous documentation the details of an epic search for the requested records," they must show "that the search method was reasonably calculated to uncover all relevant documents." *Looney*, 98 F. Supp. 2d at 3 (internal quotation marks and citation omitted).

Notably, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch*, 692 F.2d at 771). Furthermore, in analyzing the reasonableness of an agency's search, "[t]he issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Truitt*, 897 F.2d at 542 (internal quotation marks, emphasis, and citation omitted).

6

Significantly for present purposes, only "agency records" are subject to disclosure under the FOIA, and to qualify as an agency record, "the agency must 'either create or obtain' the requested materials" and "the agency must be in control of [them] at the time the FOIA request is made." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989) (quoting *Forsham v. Harris*, 445 U.S. 169, 182 (1980)). A record is in an agency's "control" only if it came "into the agency's possession in the legitimate conduct of its official duties." *Id.* at 145.

**III.   DISCUSSION**

FHFA asks the Court to grant summary judgment in its favor because its search for responsive records was reasonable and adequate as a matter of law, and thus, no genuine issues of material fact remain in this case. As explained above, in a FOIA case, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (emphasis in original). "FOIA requires government agencies to describe their searches in enough detail for a court to determine whether the search was sufficiently exhaustive to satisfy the Act." *Sennett v. DOJ*, 962 F. Supp. 2d 270, 277 (D.D.C. 2013) (citations omitted); *see also Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009) ("To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search.").

Here, FHFA has included with its motion for summary judgment a detailed declaration from Frank R. Wright, Senior Counsel in the Office of General Counsel of the FHFA, in which he explains the relationship between the FHFA and entities under

7

its conservatorship, as well as the steps that FHFA took to conduct the search for records responsive to Plaintiffs' FOIA request. (*See* Wright Decl.) As the following description makes clear, the Wright declaration is sufficient to eliminate any material questions of fact regarding the scope or adequacy of the search at issue in this case.

Wright explains that, upon receipt of Plaintiffs' FOIA request, a FOIA officer within the FHFA "searched the agency's Information Management System ('IMS') for files relating to the requestors and their loan" but that officer did not locate any responsive documents. (*Id.* ¶ 9.) Wright further avers that, in response to Plaintiffs' administrative appeal, the agency contacted one of the electronic discovery vendors that FHFA relies upon to maintain the electronic files the agency has collected in litigation unrelated to this case and requested that the vendor conduct a search for any responsive documents that might have been stored among the agency's electronic files. (*Id.* ¶ 13.) The vendor searched using Plaintiffs' names, the property address, the loan number, and the mortgage pool information, but did not locate any responsive information. (*Id.*) In this Court's view, Wright's declaration—which is presumed to have been submitted in good faith and is entitled to great weight, *see SafeCard Servs.*, 926 F.2d at 1200—is sufficient to carry FHFA's burden of showing that it conducted "a search reasonably calculated to uncover all relevant documents[.]" *Truitt*, 897 F.2d at 542 (internal quotation marks and citation omitted).

In challenging the adequacy of the searches, Plaintiffs fault FHFA for not searching *Fannie Mae's* records—presumably based on Plaintiffs' contention that records in Fannie Mae's control and possession qualify as FHFA records as a result of FHFA's conservatorship over Fannie Mae. (*See, e.g.*, Pls.' Br. at 7 ("It is clear that an

agency in possession of responsive records originating with another agency cannot refuse to process those records merely by advising the requester to seek them directly from the other agency."); *id.* at 8 ("Mr. Wright fails to mention or search Fannie Mae's own website 'Pool Talk' where responsive request (sic) were available in abundance[.]").) Unfortunately for Plaintiffs, the D.C. Circuit rejected this very argument in *Judicial Watch, Inc. v. FHFA*, 646 F.3d 924 (D.C. Cir. 2011).

The plaintiff in *Judicial Watch* had submitted a FOIA request to FHFA seeking campaign contribution records of two entities under FHFA conservatorship, including Fannie Mae. In finding that the district court properly held that the requested documents were not agency records that the FHFA was required to produce under the FOIA, the Circuit explained that the FOIA only extends to records that an agency "controls at the time of the request," *id.* at 926 (citing *Tax Analysts*, 492 U.S. at 144–45), meaning that "the materials have come into the agency's possession in the legitimate conduct of its official duties." *Id.* (internal quotation marks and citation omitted). The Circuit emphasized that the requisite level of control over a document is determined by consideration of a four-factor test:

> (1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.

*Id.* at 926–27 (quoting *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)). The Circuit found in *Judicial Watch* that there was no question that the entities had intended to relinquish control over the documents at issue in that case when they agreed to the conservatorship, *id.* at 927, or that FHFA had the ability to use

9

or dispose of the records, *id*. However, the Circuit found that the third factor was "fatal" to the plaintiff's claim because it was "uncontested that the FHFA has not used the requested records in any way[,]" which also necessarily meant that plaintiff had failed to satisfy the fourth factor. *Id.* at 927–28.

The facts of the instant case compel the same conclusion: there is no genuine dispute regarding whether FHFA personnel have ever read or relied on Fannie Mae's documents, nor have Fannie Mae's records been integrated into FHFA's files, as the sworn testimony of an FHFA official establishes. (Wright Decl. ¶ 9–10, 13.)

## IV. CONCLUSION

Under well-established law, Fannie Mae's records are not records of FHFA for FOIA purposes, and therefore FHFA was not obligated to search those records for the documents that Plaintiffs requested. *See Judicial Watch*, 646 F.3d at 926–28. Moreover, this Court finds that FHFA has established that it conducted a reasonable and adequate search of its own files for responsive records. Consequently, as set forth in the accompanying Order, this Court will **GRANT** Defendant's motion for summary judgment and will enter judgment in Defendant's favor.

DATE: September 30, 2015                *Ketanji Brown Jackson*
                                                           KETANJI BROWN JACKSON
                                                           United States District Judge